# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:11-cr-223 |
| | § | Judge Crone |
| BRANDON CURTIS WILSON (4) | § | |
| JERRY LYNN POIRIER (17) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendant Brandon Wilson's Speedy Trial Demand and Motion for Severance Pursuant to Fed. R. Crim. P. 14 (Dkt. #197) and Defendant Jerry Lynn Poirier's Amended Speedy Trial Demand and Motion for Severance (Dkt. #206). Having considered the motions, the response thereto, and the argument of counsel, the Court is of the opinion that the motions should be denied.

### BACKGROUND

On November 9, 2011, Defendants were indicted. Count One charges Defendants with conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846.

On February 7, 2012, Defendant Wilson filed his first Speedy Trial Demand and Motion for Severance Pursuant to Fed. R. Crim. P. 14 (Dkt. #197). On February 16, 2012, Defendant Poirier filed his Amended Speedy Trial Demand and Motion for Severance (Dkt. #206). On February 21, 2012, the United States filed a joint response (Dkt. #207). On February 21, 2012, Defendant Wilson filed a reply (Dkt. #208) and on February 22, 2012, submitted supplemental authority (Dkt. #210). On February 22, 2012, the Court conducted a hearing on the motions. On March 6, 2012, the Government filed a Motion for Reconsideration of Court's Evidentiary Inquiry Related to Severance

and Speedy Trial (Dkt. #219).[1]

**Motion to Sever**

Defendants base their motions for severance on their demands for a speedy trial.

Rule 8(a) permits the joinder of offenses that are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or part of a common scheme or plan. FED. R. CRIM. P. 8(a); *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006). Additionally, Rule 8(b) permits defendants to be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b).

"As a general rule, persons indicted together should be tried together, particularly when the offense is conspiracy." *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004) (citing *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)); *accord Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007) (citing *United States v. Rocha*, 916 F.2d 219, 227-28 (5th Cir. 1990)); *United States v. Valdez*, 453 F.3d 252, 261 (5th Cir.), *cert. denied*, 549 U.S. 976 (2006); *United States v. McGuire*, 608 F.2d 1028, 1031 (5th Cir. 1979), *cert. denied*, 444 U.S. 1092 (1980). "Joint trials 'play a vital role in the criminal justice system.'" *Zafiro,* 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Rule 14 of the Federal Rules of Criminal Procedure, however, provides that a trial court may order the severance of defendants "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a); *Zafiro*, 506 U.S. at 535, 538; *United States v. Kane*, 887 F.2d 568, 571 (5th Cir. 1989).

---

[1] In a separate Order the Court has granted this motion.

Nevertheless, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39 (citing *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986)); *Opper v. United States*, 348 U.S. 84, 95 (1954); *accord United States v. Daniels*, 281 F.3d 168, 177 (5th Cir.), *cert. denied*, 535 U.S. 1105 (2002).

When considering a motion to sever, the district court "must balance the right of a defendant to a fair trial against the interests of judicial economy." *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979), *cert. denied*, 445 U.S. 966 (1980) (noting that the balancing process is within the discretion of the trial judge); *accord United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (citing *United States v. Lee*, 744 F.2d 1124, 1127 (5th Cir. 1984)); *United States v. Sudderth*, 681 F.2d 990, 996 (5th Cir. 1982)); *accord McGuire*, 608 F.2d at 1031. "Severance is proper 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir.), *cert. denied*, 552 U.S. 923 (2007) (quoting *Zafiro*, 506 U.S. at 539); *accord Nguyen*, 493 F.3d at 625; *United States v. Tarango*, 396 F.3d 666, 673-74 (5th Cir. 2005); *Daniels*, 281 F.3d at 177; *United States v. Causey*, 185 F.3d 407, 416 (5th Cir. 1999), *cert. denied*, 530 U.S. 1277 (2000). A defendant requesting severance bears "the difficult burden of proving that he will suffer the most compelling prejudice from continued joinder; a mere showing of some prejudice is insufficient." *Zicree*, 605 F.2d at 1388-89 (citing *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973), *cert. denied*, 417 U.S. 945 (1974)); *see also United States v. Scott*, 795 F.2d 1245, 1250 (5th Cir. 1986).

The Government asserts that it will prove at trial that Defendants were actively involved in

the conspiracy alleged in the Indictment, along with the remaining co-conspirators, making joinder proper. The Government also asserts that Defendants have failed to meet their burden of showing compelling prejudice or identifying a specific trial right that will be abridged. Finally, the Government argues that granting a severance would be a waste of judicial resources.

In the Indictment, the Government alleges that the Defendants conspired with each other. The Court must accept the allegations contained in the Indictment. The Government will have to prove at trial the existence of a conspiracy. Furthermore, considerations of judicial efficiency weigh heavily in favor of the Government and against severance. However, Defendants assert that their right to a speedy trial supports their request. This case is set for final pretrial conference on May 14, 2012. Defendants have no objection to a May 2012 trial. Since the Court plans on this case going to trial in May, and will not be inclined to grant additional continuances, Defendants' speedy trial rights are not implicated. Thus, Defendants' motions for severance should be denied subject to reconsideration.

## RECOMMENDATION

The Court recommends that Defendant Brandon Wilson's Speedy Trial Demand and Motion for Severance Pursuant to Fed. R. Crim. P. 14 (Dkt. #197) and Defendant Jerry Lynn Poirier's Amended Speedy Trial Demand and Motion for Severance (Dkt. #206) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 23rd day of March, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE